IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD HERSHEWE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 1:14cv655-MHT |
| | ) | (WO) |
| KEITH GIVENS, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

OPINION AND ORDER

Plaintiff Edward Hershewe brings this action against a number of defendants asserting fraud, breach of fiduciary duty, piercing the corporate veil, corporate dissolution, and violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.  The defendants are Keith Givens (K. Givens), John Givens (J. Givens), Chase Givens (C. Givens), U.S. Legal Forms, Inc., Eagle Investments, LLP, Eagle Investments Group, LLP, USLegal Inc., VLO Management, LLC, and Jacoby & Meyers, LLC.  The court

has federal-question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

The case is now before the court on Hershewe's motion to disqualify defendant J. Givens and the Cochran Law Firm as attorneys in this case based on violations of Alabama Rules of Professional Conduct 1.7 and 3.7, which govern conflicts of interests and lawyers as witnesses, respectively. The motion will be denied.

## I.  BACKGROUND

This case arises out of a joint venture between Hershewe, a lawyer from Missouri, and K. Givens, a lawyer from Alabama. Along with K. Givens's sons, C. Givens and J. Givens, as well as a several other investors, these two lawyers planned to start a national law office, called VLO Management, LLC, with a

few physical law offices and a strong online presence across the country.

As alleged in the complaint, the agreement to start VLO was an exchange. Hershewe would provide the capital for the business while K. Givens would provide the intellectual property, copyright, and brand name from his law firm at the time, Jacoby & Meyers. Hershewe and K. Givens would be co-managers of the business, while C. Givens and J. Givens would play some lesser role.

The deal, however, soured. Hershewe claims that K. Givens, C. Givens, and J. Givens took his investment and a subsequent loan he made to VLO and used them for their own purposes. Relevant to this motion, he alleges that at least some VLO assets were used to purchase furniture in 2012 for a building that the Givens's investment company owns in Dothan, Alabama (the Dothan building). Hershewe also maintains that VLO altered its tax records to cover up the fraud.

3

Hershewe sued, and various lawyers from branches of the Cochran Law Firm were hired to represent defendants.  These lawyers include Angela J. Mason, Joseph D. Lane, and J. Farrest Taylor, who are lawyers at the Cochran Firm-Dothan, which moved into the Dothan building in 2013; Lance Swanner, who is the managing partner of the Cochran Law Firm offices in Birmingham and Mobile as well as a managing partner at Jacoby & Meyers-Southeast, which moved into the Dothan building in 2009; and defendant J. Givens, also of the Cochran-Firm Dothan, who was hired to represent VLO.

Hershewe now moves to disqualify all lawyers from any branch of the Cochran Law Firm because they are necessary witnesses.  He seeks to disqualify J. Givens on the additional grounds that he has a conflict of interest.

## II. DISCUSSION

### A. Standard of Review

It is "beyond dispute that lawyers are officers of the court and that the courts have the inherent authority to regulate their professional conduct." In re Gopman, 531 F.2d 262, 266 (5th Cir. 1976).[1] Attorneys who practice before the Middle District of Alabama must "adhere to ... th[e] Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct." M.D. Ala. L.R. 83.1(g). "These local rules represent controlling obligations on attorneys appearing in this court." Green v. Montgomery County, Ala., 784 F. Supp. 841, 842 (M.D. Ala. 1992) (Thompson, C.J.). However, the ethical standards that govern

---

    1. In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

attorneys who practice before a federal court are determined by federal and not state law. In re Snyder, 472 U.S. 634, 645 n.6 (1985); see also In re Finkelstein, 901 F.2d 1560, 1564 (11th Cir. 1990) ("The state codes of professional responsibility do not by their own terms apply to sanctions in the federal courts and any standards imposed are a matter of federal law."). Therefore, even though the Middle District has adopted the ethical rules promulgated by the Alabama State Bar, the court is not bound by state-court interpretations of those rules. Nonetheless, in evaluating the ethical charges, the court must "hold attorneys to recognized standards of professional conduct." Finkelstein, 901 F.2d at 1564.

This court has recognized a balancing test with four guiding principles when evaluating a motion for disqualification of counsel. In re Emp't Discrimination Litig. Against Ala., 453 F. Supp. 2d 1323, 1331-32 (M.D. Ala. 2001) (Thompson, J.). First, "disqualification is a drastic measure, which courts

should hesitate to impose except when absolutely necessary." Id. at 1331; see also In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003) ("Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist.") (internal quotation marks omitted). Second, "because of the impact a motion to disqualify has on the party losing her counsel, the moving party is held to a high standard of establishing the basis for the motion, and the need for disqualification." Id. at 1332. Third, the court looks to whether "other means of addressing a violation short of disqualification are available to the court--like exclusion of ill-gotten evidence" to avoid the drastic remedy of disqualification. Id. Last, "because a motion for disqualification is such a potent weapon and can be misused as a technique for harassment, the court must exercise extreme caution in considering it to be sure it is not being used to harass the attorney sought to be disqualified, or the party he represents." Id.

(internal quotation marks omitted); see also <u>Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.</u>, 463 F.3d 827, 833 (8th Cir. 2006) ("Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict scrutiny.") (internal quotation marks omitted).  In sum, the moving party has a high burden to prove that disqualification is absolutely necessary, that there are no viable alternatives, and that the motion is not a cynical attempt to harass the opposing party and gain an unfair advantage in the litigation.


B. Alleged Violations of Ethical Rules

The court will first examine the argument that attorneys Mason, Lane, Taylor, Swanner, and any attorney from the Cochran Law Firm should be disqualified under Alabama Rule of Professional Conduct 3.7 because they are necessary witnesses.  Then the court will address whether J. Givens has a conflict of

interest under Alabama Rule of Professional Conduct 1.7.

### i. Rule 3.7

Rule 3.7(a) states that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where: (1) [t]he testimony relates to an uncontested issue; (2) [t]he testimony relates to the nature and value of legal services rendered in the case; or (3) [d]isqualification of the lawyer would work substantial hardship on the client." "[A] necessary witness is one who has crucial information in his possession which must be divulged" and whose testimony is "relevant, material, and unobtainable elsewhere." Lane v. State, 80 So. 3d 280, 299 (Ala. Crim. App. 2010) (internal quotation marks omitted); see also Pigott v. Sanibel Dev., LLC, 2007 WL 2713188, at *2 (S.D. Ala. 2007) (Steele, J.) (holding that Rule 3.7 "requir[es] the party seeking disqualification to establish that relevant, material

evidence could not be obtained other than by calling the attorney as a witness.").

Hershewe first insists that Mason, Lane, and Taylor, all with the Cochran Law Firm-Dothan, must be disqualified because they are necessary witnesses to testify about the furniture in the Dothan building, specifically when it arrived, who brought it to the building, where it is located, and its value. This argument is meritless. Mason, Lane, and Taylor did not have offices in the Dothan building until well after the furniture allegedly purchased with VLO assets was placed in the building, and they could not answer how the furniture arrived or who brought it into the building. Even if they had been in the building, it is highly likely that another person who worked in the building or at the Cochran Firm could be found to testify. Moreover, in open court on October 28, 2014, Hershewe admitted that he had not tried to get the information from another party. The court refuses to take the drastic measure of disqualification when

Hershewe has not even taken the preliminary step of attempting to identify other witnesses.

Hershewe next argues that all of the above attorneys as well as Swanner should be disqualified because they are necessary witnesses to testify about this court's previous order not to destroy evidence. Specifically, he argues that every attorney at the Cochran Law Firm-Dothan as well as Swanner will have to testify about the alleged changes in VLO's tax documents after the court's order not to destroy evidence. Hershewe fails to explain why he could not get the information on the tax documents from VLO's accountant, either through testimony or affidavit. Put differently, this evidence is not "unobtainable elsewhere."

Hershewe last, and most implausibly, states that all lawyers from the Cochran Law Firm should be disqualified because K. Givens used letterhead with the Cochran Law Firm's name when allegedly engaging in fraud and because an administration coordinator for the

11

firm helped set up VLO's bank account. It is unclear why K. Givens's use of the Cochran Law Firm letterhead is relevant to whether members of the firm will be necessary witnesses or what material information these witnesses would provide. Furthermore, as to the administration coordinator, Hershewe does not meet his high burden to describe what material information he would receive regarding VLO's bank account and why that could not come from another source besides counsel.

### ii. Rule 1.7

Hershewe next alleges that J. Givens should be disqualified because of his conflict of interest as the attorney for the company from which he is accused of taking money for personal gain. The court will address the standard under Rule 1.7, Hershewe's standing to bring this claim, and the claim's merits.

Rule 1.7(b) governs conflicts between a lawyer's interests and the client's. It states, "A lawyer shall not represent a client if the representation of that

12

client may be materially limited ... by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation." Id. The comments elaborate that, "If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." Id. (Comment).

The first issue is whether Hershewe, as an opposing party, can bring this motion to disqualify. The comment to the rule leaves the option open but notes that courts should be cautious: "Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." Id. (Comment). Alabama case law is less clear. In Ex Parte Tiffin, 879 So. 2d 1160, 1165 (Ala. 2003), the Alabama Supreme

13

Court states that, "At a minimum, a party seeking disqualification for the conflict addressed in Rule 1.7 must demonstrate ... that it is a current client of the lawyer whose representation is challenged," but later notes that "ordinarily" and "as a general rule," parties outside the attorney-client relationship cannot bring claims under Rule 1.7. Id. (emphasis in original). This limiting language leaves open the door for infrequent exceptions where an opposing party could bring a claim under Rule 1.7. Later cases have used Ex Parte Tiffin's standard against opposing parties bringing a Rule 1.7 claim but have not included the "ordinarily" or "as a general rule" language, indicating a possible shift to a more stringent requirement against opposing parties' raising the issue. See, e.g., Ex Parte Wheeler, 978 So. 2d 1, 5 (Ala. 2007); see also Cochran v. Five Points Temporaries, LLC, 2012 WL 4726285, at *3 (N.D. Ala. 2012) (Blackburn, C.J.) (citing Ex Parte Tiffin to

14

dismiss a disqualification claim where the movant was not a client).

Because the court finds below that Hershewe does not meet the substantive requirement of Rule 1.7, it need not decide this standing issue. The stringent standing requirement adopted in Wheeler and Cochran, though, is concerning. While, as the comment to Rule 1.7 suggests, courts should treat reporting by opposing counsel with extreme caution, an opposing party still has an ethical obligation to report misconduct "to a tribunal or other authority empowered to investigate or act upon such violation." Ala. R. Prof. Conduct 8.3; cf. In re Emp't Discrimination, 453 F. Supp. 2d at 1332 (dismissing standing challenge regarding Alabama Rules of Professional Conduct 4.2 and 1.6 because question was properly before the court under Alabama Rule of Professional Conduct 8.3). A strict requirement against reporting a rule violation by an opposing party raises the possibility that a court would be barred from considering a potential conflict of interest even

15

if another attorney fulfilled her ethical obligation and reported the information under Alabama Rule of Professional Conduct 8.3.

As to the substantive requirements, Rule 1.7 allows for a lawyer with a potential conflict to represent a client if: (1) the lawyer believes the representation will not be adversely affected; and (2) the client consents.  The first prong, in particular, is troubling in this case.  J. Givens is currently representing VLO, a company that he allegedly defrauded.  The rules are clear that, in situations such as these, "it may be difficult or impossible for the lawyer to give a client detached advice."  Ala. R. Prof. Conduct 8.3 (comments).  Even though J. Givens has stated that he will file a motion to withdraw when VLO retains trial counsel or when the Board of Directors of VLO asks him to withdraw, it is easy to see how VLO's and his interests could conflict should the evidence indicate that he was committing fraud or a breach of fiduciary duty against VLO.  However, considering the high burden

16

on Hershewe and the caution about disqualification as a trial tactic by opposing counsel, the court finds that, while it may be difficult for J. Givens to represent VLO, disqualification under Rule 1.7 is not required at this point.

Hershewe also does not meet his high burden on the second prong. His main contention is that J. Givens did not have client consent because he filed a motion to dismiss rather than an answer, against the instructions of the board of directors. While he does present one email to this effect, it relies on hearsay of a conversation between a third-party and J. Givens and does not indicate whether the position of the board changed. The one email does not provide enough evidence to meet the high burden to prove disqualification.[2]

---

2. Hershewe also argues that J. Givens should be disqualified because he will be a necessary witness at trial. The court need not reach this issue because J. Givens has stated his intention to withdraw as counsel should the case go to trial.

The court thus denies the motion to disqualify J. Givens.  However, the court still notes its concern that J. Givens continues to represent a company from which he is accused of stealing money.  Cf. Nuri v. PRC, 5 F. Supp. 2d 1299, 1305 (M.D. Ala. 1998) (Thompson, J.) (finding against disqualification but noting the court's concern about the appearance of impropriety).

***

Accordingly, it is ORDERED that the motion to disqualify defendant John Givens and the Cochran Law Firm (doc. no. 83) is denied.

DONE, this the 24th day of February, 2015.

                                /s/ Myron H. Thompson  
                               UNITED STATES DISTRICT JUDGE